UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROBERT GAYLORD DAVIS                                                        PLAINTIFF

v.                                                         CIVIL ACTION NO. 3:10CV-P326-S

SOUTHERN HEALTH PARTNERS *et al.*                                        DEFENDANTS

## MEMORANDUM OPINION

On May 7, 2010, the Clerk of Court issued a deficiency notice to Plaintiff directing him to submit a summons for each Defendant and to file a certified copy of his jail trust account statement for the six-month period immediately preceding the filing of the complaint (DN 4). The deficiency notice advised Plaintiff that failure to comply with the notice within thirty days, without good cause shown, would result in this matter being brought to the attention of the Court. Because Plaintiff failed to comply, the Court entered an Order on July 12, 2010 (DN 5), directing Plaintiff, within 30 days, either to show cause why the instant action should not be dismissed or to submit a completed summons for each Defendant and file a certified copy of his jail trust account statement for the six-month period immediately preceding the filing of the complaint. On July 28, 2010, the copy of the Order sent to Plaintiff was returned to the Court by the U.S. Postal Service marked "Return to Sender-No longer at this address" (DN 6).

Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(d) ("All pro se litigants must provide written notice of a change of address to the clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

Apparently, Plaintiff is no longer incarcerated at the Hardin County Jail, and because he has not provided any forwarding address to the Court, neither notices from this Court nor filings by Defendants can be served on him. In such situations, courts have an inherent power "acting on their own initiative to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because it appears to this Court that Plaintiff has abandoned any interest in prosecuting this case, the Court will dismiss the action by separate Order.

Date:

cc: Plaintiff, *pro se*
4411.005